**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-210 C
(Filed: April 14, 2014)

**FILED**
APR 14 2014
U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
SINGLETON ENTERPRISES,                  *
                                        *
                    Plaintiff,          *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
                                        *
*****************************************
```

## ORDER

On March 25, 2013, plaintiff filed this action, alleging that defendant breached its contract for construction services with plaintiff, and requesting monetary relief. Plaintiff separately filed claims for the alleged breach with a Contracting Officer at the U.S. Army Corps of Engineers; those claims were denied on March 19, 2012. Plaintiff appealed that decision with the Armed Service Board of Contract Appeals ("ASBCA"). This case was stayed pending the ASBCA's decision. On April 8, 2014, defendant filed a status report, attaching the ASBCA's decision, which denied plaintiff's appeal. Because the ASBCA has rendered its decision, the stay in this case is now **lifted**.

On March 28, 2013, the court entered an order requiring plaintiff to obtain counsel, pursuant to Rule 83.1(a)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). Under RCFC 83.1(a)(3), an individual who is not an attorney "may not represent a corporation, an entity, or any other person in any proceeding before this court." On April 29, 2013, plaintiff filed a motion in response. Resolution of plaintiff's motion was stayed pending the ASBCA's decision, and the court will address that motion now.

In its motion, plaintiff explains that Singleton Enterprises is a sole proprietorship, owned by Mr. Wayne Singleton. Plaintiff requests that because Mr. Singleton is an individual doing business as Singleton Enterprises, he be allowed to represent plaintiff pro se. The court initially directed plaintiff to obtain counsel based on the understanding that the underlying entity is a corporation. In light of plaintiff's clarification that it is a sole proprietorship, the court will evaluate whether Mr. Singleton may proceed pro se in representing Singleton Enterprises.

A sole proprietorship is a "business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." Nova Exp. v. United States, 80 Fed. Cl. 236, 238 (2008) (citation omitted). Under RCFC 17(b),

> The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the applicable state, except (1) that a partnership or other unincorporated association which has no capacity by the law of its state may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States . . . .

Based on the "language of RCFC 17(b), it appears that whether a proprietorship is treated as the alter ego of its owner or as an independent entity" that has the "capacity . . . to sue or be sued" is determined by state law. Nova Exp., 80 Fed. Cl. at 238. Singleton Enterprises is located in Georgia. The Court of Appeals of Georgia has held that "an unincorporated proprietorship is not a legal entity separate from the proprietor, and the use of a trade name for the business does not create a separate legal entity." Brand v. S. Emp. Serv., 247 Ga. App. 638, 639 (2001). Thus, as Singleton Enterprises "does not import a legal entity," Mr. Singleton is its alter ego. Id. The court notes, however, that because Singleton Enterprises is "an entity that does not have independent legal status[,]" this case "should [properly] have been brought on behalf of [the proprietor] doing business as [the proprietorship]." Nova Exp., 80 Fed. Cl. at 239. If plaintiff amends the complaint to style this action in that proper fashion, Mr. Singleton can represent himself as a pro se litigant pursuant to RCFC 83.1(a)(3). Id.

Accordingly, plaintiff is directed to file a motion to amend the complaint in this case such that it reads "Wayne Singleton, d/b/a Singleton Enterprises v. United States" **no later than Friday, April 25, 2014**. Then, the parties shall file **no later than Friday, May 2, 2014** a joint status report suggesting further proceedings in this matter.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge